UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES A. LATIOLAIS | * | CIVIL ACTION NO. 17-11770 |
| | * | |
| VERSUS | * | CHIEF JUDGE KURT D. ENGELHARDT |
| | * | SECTION: N(1) |
| HUNTINGTON INGALLS | * | |
| INCORPORATED, ET AL. | * | MAGISTRATE JUDGE JANIS VAN |
| | * | MEERVELD |

## ORDER AND REASONS

Presently before the Court is Plaintiff James A. Latiolais' Motion to Remand (Rec. Doc. 9) pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Defendant Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc.) ("Avondale") opposes the motion (Rec. Doc. 12). Both parties filed additional supporting and reply memoranda (Rec. Docs. 27, 29, 45, and 46). Having considered the extensive submissions of the parties, the record, and the applicable law, **IT IS ORDERED** that the motion is **GRANTED** for the reasons stated herein.

## BACKGROUND

Plaintiff James Latiolais suffers from mesothelioma, which he alleges was caused by his occupational exposure to asbestos while working aboard the USS TAPPAHANNOCK as a machinist at Avondale Shipyard. Rec. Doc 9-2. On September 29, 2017, the plaintiff brought this suit in the Civil District Court, Parish of Orleans, against four defendants, including alleged manufacturers, suppliers, and installers of asbestos products, as well as the shipyard wherein those products were used – Defendant Huntington Ingalls, Inc. ("Avondale"). *Id*. In his Petition, Latiolais alleges that Avondale, and other defendants, exposed him to asbestos and asbestos-containing products, failed

1

to warn him of the hazards of asbestos, and failed to protect him from exposure to asbestos. *Id.* at pp. 6-11. Notably, Plaintiff's claims against Avondale sound only in negligence, not strict liability. *Id.*

James Latiolais' deposition was taken on October 10, 2017. During that deposition, Latiolais discussed his potential exposure to asbestos during his time working for the U.S. Navy aboard the USS TAPPAHANNOCK, while it was being recommissioned at Avondale shipyard. In his testimony, Latiolais indicated that he did not interact with Avondale employees, nor did he do any work for Avondale. Rec. Doc. 12-1 at pp. 21, 61. Based on this deposition testimony revealing the "limited contact" between Latiolais and Avondale, Avondale removed the suit to this Court on November 3, 2017, pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1). Rec. Doc. 12 at p. 2; *see also* Rec. Doc. 2. The plaintiff has moved to remand. Rec. Doc. 9.

## LAW AND ANALYSIS

Generally, removal statutes are "strictly construed in favor of remand." *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC*, 809 F.Supp.2d 524, 529-30 (E.D. La. 2011) (quoting *Manguno v. Prudential Property & Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). However, because of its broad language and unique purpose, the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), must be liberally interpreted. *Id.* (citing *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007)). The statute provides, in relevant part:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity for or relating to any act under color of such office...

2

28 U.S.C. § 1442(a)(1) (2012). While this statute is to be interpreted liberally, the removing defendant still bears the burden of establishing a basis for federal jurisdiction. *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397 (5th Cir. 1998). In *Winters*, the Fifth Circuit articulated a three-part test for determining whether federal officer removal is justified: (1) the defendant is a "person" within the meaning of the statute; (2) the defendant "acted pursuant to a federal officer's directions and that a causal nexus exists between the defendants' actions under color of federal office and the plaintiff's claims;" (3) the defendant can assert a "colorable federal defense." *Id*. at 398-400.

**(1) Defendant is a "Person"**

Here, the plaintiff does not dispute that Defendant Avondale is a "person," as contemplated by the meaning of the statute. Moreover, "the Supreme Court has long recognized that the removal statute also applies to private persons and corporate entities 'who lawfully assist the federal officer in the performance of his official duty.'" *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 461 (5th Cir. 2016) (quoting *Watson*, 551 U.S. at 151). As such, Avondale is a "person" for the purposes of 28 U.S.C. § 1442(a)(1).

**(2) Acted Pursuant to Federal Officer's Direction and Causal Nexus**

The next factor considered is "whether the federal government was directing the defendant's conduct and whether that federally-directed conduct caused the plaintiff's injuries." *Savoie*, 817 F.3d at 462. Before reviewing the plaintiff's claims under this factor, the Court notes that the scope of conduct that may satisfy this "causal nexus" requirement has broadened since the Fifth Circuit's articulation of its three-part test in *Winters*. *See Zeringue v. Crane Co.*, 846 F.3d 785, 793 (5th Cir. 2017). In 2011, Congress amended 28 U.S.C. § 1442 to allow federal officer removal where the plaintiff's claims are "for **or relating to** any act under color of such office."*Id.* (citing Removal

Clarification Act of 2011, Pub. L. No. 112-51, § 2(b)(2), 125 Stat. 545 (codified at 28 U.S.C. § 1442)) (emphasis added). Since the adoption of the 2011 Amendment, this Court, as well as the Fifth Circuit, have analyzed the scope of the "causal nexus" requirement in federal officer removal cases numerous times. The "analysis of the second *Winters* factor often turns upon the precise nature of the plaintiff's claims." *Ross v. Benton*, No. 14-1161, 2014 WL 3514668, at *2 (E.D. La. July 15, 2014). "Strict liability and design claims generally have been found to be causally connected to the Navy specifications requiring use of asbestos, whereas negligent supervision and failure-to-warn claims generally (though not always) have not." *Id*. (*See, e.g., Legendre v. Anco Insulations, Inc.*, No. 12-94, 2012 WL 2064537, at *3 (M.D. La. May 14, 2012); *Najolia v. Northrop Grumman Ship Systems, Inc.*, 883 F. Supp. 2d 646, 656 (E.D. La. 2012); *Grainer v. Northrop Grumman Ship Systems, Inc.*, No. 06-3738, 2008 WL 5216213, at *3 (E.D. La. Dec. 12, 2008); *Sheppard v. Northrop Grumman Systems Corp.*, No. 07-2208, 2007 WL 1550992 (E.D. La. May 24, 2007)).

In the present case, Avondale relies heavily on the Fifth Circuit's decision in *Zeringue*, wherein the Court found that the plain language of the 2011 amendment broadened the scope of the statute by the addition of the "or relating to" language. *Zeringue*, 846 F.3d at 793. The Court further explained that "although the court cannot attenuate the causal nexus requirement 'to the point of irrelevance,' the plain import of the phrase 'relating to' is that some attenuation is permissible...." *Id.* at 794. Accordingly, the *Zeringue* Court asserted that with this additional language, the causal nexus requirement does not necessarily depend on a showing of precise federal direction. *Id.* at 793. However, and importantly, the Fifth Circuit noted that its decision in *Zeringue* does not run contrary to its prior holding in *Bartel v. Alcoa Steamship Co.*, another federal officer removal case decided after the 2011 amendment became effective. *Id.* at 794. In *Bartel*, the Court found that the defendants

4

failed to establish a sufficient causal link to justify removal under the statute, based on the nature of the plaintiffs' complaints. *Bartel v. Alcoa Steamship Co.*, 805 F.3d 169, 173 (5th Cir. 2015). There, the plaintiffs' claims were for failure to warn, not strict liability, as the plaintiffs' alleged cause of injury was the defendants' negligent safety practices during installation, rather than any defect or design of the asbestos products. *Id.* This distinction is significant given that the *Zeringue* Court, in deciding that removal was proper, addressed only the plaintiff's strict liability claims, not the plaintiff's failure to warn claim. *Zeringue*, 846 F.3d at 794.

Here, the plaintiff limits his claims against Avondale to those of negligence for failure to warn or protect him from allegedly hazardous asbestos exposure. Rec. Doc. 9-2 at pp. 8-10; *see also* Rec. Doc. 9-1 at pp. 4, 17 ("Mr. Latiolais's claims sound *only* in negligence, and *not* in strict liability."). Specifically at issue are Avondale's actions, or lack thereof, with respect to safety regulations at the shipyard. *Id.* Based on the evidence produced by both parties, there is nothing to suggest that the Navy, in its official authority, issued any orders, specifications, or directives relating to safety procedures. In fact, prior statements from Avondale representatives have confirmed that U.S. government inspectors "neither monitored nor enforced safety regulations," and that "on the job safety during the construction of vessels from the United States government was the responsibility of Avondale Shipyards' safety department." Rec. Doc. 9-24 at p. 2; *see also* Rec. Docs. 9-25, 9-26, and 9-27.

Essentially, the present case matches on all four corners with *Legendre v. Huntington Ingalls, Inc.* and *Bartel*, both of which were Fifth Circuit cases[1] wherein the Court found remand to be

---

[1] While noting that such issues remain contested before the Fifth Circuit on appeal, *see, e.g., Melancon v. Lamorak Insurance Co.,* No. 18-30113 (citing *Templet v. Huntington Ingalls Inc.*, No. 17-30676; *Guillot v. Avondale Industries, Inc.*, No. 18-30456; *Burkart v. PPG Industries, Inc.*, No. 18-

5

proper. *See Legendre v. Huntington Ingalls, Inc.*, 885 F.3d 398, 404 (5th Cir. 2018); *Bartel*, 805 F.3d at 174-5. In *Legendre*, the Fifth Circuit affirmed the district court's order for remand and explained that the plaintiffs "provide unrebutted evidence that although the government required Avondale to use asbestos in the construction of the tugs, the government did nothing to restrict Avondale's safety practices." *Legendre*, 885 F.3d at 402. The Court goes on to say that in *Bartel*, "the government required the defendants to use ships containing asbestos, but did nothing to restrict the defendants' safety measures." *Id.* Here, as in *Legendre* and *Bartel*, Avondale has not shown that the United States government exercised any control over its safety practices – the alleged cause of plaintiff's injuries. As such, Avondale failed to show the required "causal nexus" to support federal jurisdiction, thus remand is proper.

Because Avondale has failed to meet the second prong of the three-part test for federal officer removal, it is not necessary to examine Avondale's assertion of a colorable federal defense.

Accordingly; **IT IS ORDERED** that plaintiff's Motion to Remand (Rec. Doc. 9) is **GRANTED**, and this matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 4th day of May 2018.

                          **KURT D. ENGELHARDT**
                          **UNITED STATES DISTRICT JUDGE**

---

30458)*,* the Court finds remand of this matter proper based on Fifth Circuit law as it currently exists.